IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SOUTHERN DISTRICT OF MISSISSIPPI**
**FILED**

**MAR 3 1 2010**

J.T. NOBLIN, CLERK
BY_____DEPUTY

THE BURLINGTON INSURANCE COMPANY                                PLAINTIFF

V.                                                    CIVIL ACTION NO. 1.10CV144 HSO-JMR

HENSLEY R. LEE CONTRACTING, INC.,
BECHTEL NATIONAL, INC. AND JOHN DOES
1 THROUGH 20,000                                                 DEFENDANTS

## COMPLAINT FOR DECLARATORY JUDGMENT

The Burlington Insurance Company ("Burlington") files its Complaint for

Declaratory Judgment as follows:

### I.
### PARTIES

1.      Plaintiff Burlington is a company incorporated under the laws of the State of

North Carolina.  Burlington has its principal place of business in the State of North

Carolina.

2.      Defendant Hensley R. Lee Contracting, Inc. ("Lee Contracting") is a

corporation organized under the laws of the State of Mississippi and has its principal place

of business in the State of Mississippi.  Lee Contracting may be served with process by

delivering a copy of the summons and complaint to its registered agent for service of

process, Hensley R. Lee, 311 Acorn Lane, Picayune, Mississippi 39466.

3.      Defendant Bechtel National, Inc. ("Bechtel") is a corporation organized under

the laws of the State of Nevada and has its principal place of business in the State of

California.  Bechtel is registered to do business as a foreign corporation in the State of

Mississippi and may be served with process by delivering a copy of the summons and

complaint to its Mississippi registered agent for service of process, CT Corporation System, 645 Lakeland Drive East, Suite 101, Flowood, Mississippi 39232.

4.     Defendants John Does 1 through 20,000 are individuals, corporations, or associations who are currently unknown to Burlington and who might claim to possess rights with respect to the Burlington insurance policies described herein.

## II.
## JURISDICTION AND VENUE

5.     The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Burlington is a citizen of a different state from all defendants, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6.     The Court also has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201. An actual and substantial controversy exists between the parties. By this action, Burlington seeks a declaration that, under its insurance policies issued to Lee Contracting, Burlington has neither a duty to defend nor a duty to indemnify any party to this action with respect to claims related to exposure to formaldehyde, including but not limited to those currently made part of or to be transferred to the multi-district litigation styled *In re: FEMA Trailer MDL No. 1873 Formaldehyde Product Liability Litigation,* In the United States District Court for the Eastern District of Louisiana, Section N(4), Cause No. 2:07-md-01873-KDE-ALC (the "MDL Proceeding").

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in the State of Mississippi.

8.     This Court has personal jurisdiction over Lee Contracting because it is a Mississippi corporation. This Court has personal jurisdiction over Bechtel because it has

significant contacts with the State of Mississippi, and this action directly relates to those contacts. Among other significant contacts, defendant Bechtel entered into a contract with a Mississippi corporation and, to the extent it seeks to recover under the policies of insurance at issue, seeks recovery under policies issued in Mississippi to a Mississippi entity.

### III.
### FACTUAL BACKGROUND

**A.    The Subcontract**

9.     During September 2005, Bechtel and Lee Contracting entered into a Commercial General Services Contract, through which Lee Contracting agreed to perform, as a subcontractor to Bechtel, certain "hauling and/or installation services of FEMA-supplied travel trailers and/or manufactured homes to various locations in the State of Mississippi."

**B.    Underlying Actions and Bechtel's Demand for Defense and Indemnity**

10.     Ultimately, Bechtel was named as a defendant in a number of lawsuits filed in Mississippi and Louisiana federal courts by plaintiffs alleging exposure to formaldehyde that occurred while those plaintiffs were occupying temporary housing units provided by the Federal Emergency Management Agency (hereinafter "FEMA trailers") during the period from the Fall of 2005 until the Fall of 2009.

11.     After becoming aware of the lawsuits against it, Bechtel contacted Burlington and demanded a defense and indemnity with respect to those lawsuits against it that involve FEMA trailers for which Lee Contracting performed services (which lawsuits are hereinafter referred to as "Underlying Actions").

12.     Bechtel has not yet specified to Burlington the particular lawsuits that Bechtel claims to involve, relate to, or arise from hauling or installation work performed by Lee Contracting.

13.     As part of its demand for defense and indemnity with respect to the Underlying Actions, Bechtel has alleged that Lee Contracting agreed to indemnify, defend and hold Bechtel harmless from any claim "in connection with or incidental to the performance" of the subcontract between those entities. Bechtel has further alleged that it was an Additional Insured under a policy or policies of insurance issued by Burlington to Lee Contracting.

14.     The operative pleadings in the Underlying Actions generally allege that Bechtel was responsible for transporting, installing, maintaining, inspecting, repairing, restoring and/or removing the FEMA trailers and, through various acts and/or omissions (including improper installation, failure to warn and improper restoration) contributed to the underlying plaintiffs' alleged exposure to formaldehyde and the alleged resulting damages.

15.     In the Underlying Actions, the underlying plaintiffs seek damages for the alleged exposure to formaldehyde and for alleged adverse health consequences that flowed from such exposure.

16.     The Underlying Actions against Bechtel relating to the FEMA trailers have been, or are expected to be, transferred to the MDL Proceeding. The number of Underlying Actions involved in the MDL Proceeding may continue to increase as more claimants file lawsuits against Bechtel.

4

### C.    The Burlington Policies

17.    Burlington issued a Commercial General Liability policy to Lee Contracting with a policy number of 225B000088 and effective dates of May 27, 2004 until May 27, 2005 (the "First Policy").  A true and correct copy of the First Policy is attached hereto as Exhibit A.

18.    Burlington issued a Commercial General Liability policy to Lee Contracting with a policy number of 225B000171 and effective dates of May 27, 2005 until May 27, 2006 (the "Second Policy," and together with the First Policy, the "Policies").  A true and correct copy of the Second Policy is attached hereto as Exhibit B.

19.    The Second Policy was cancelled effective December 9, 2005.

20.    The Policies identify "Hensley R. Lee Contracting, Inc." as the Named Insured.  Bechtel does not qualify as an Insured or as an Additional Insured under the Policies.  Therefore, Bechtel is not entitled to a defense or indemnity from Burlington under either of the Policies.

21.    The Policies contain the following coverage provision:

1.  **Insuring Agreement**

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

(1)  The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

    (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**, or have tendered the applicable limit of insurance for payment of such judgments or settlements.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

  **b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

    **(2)** The "bodily injury" or "property damage" occurs during the policy period.

    **(3)** The "bodily injury" and "property damage", whether known or unknown to any person:

      **(a)** Did not first occur prior to the inception date of the policy;

      **(b)** Was not in the process of occurring and is not alleged to have been in the process of occurring, as of the inception date of the policy; and

      **(c)** Was not in the process of settlement, adjustment, "suit" or other proceeding of any kind (including but not limited to, any repair attempts or any statutorily mandated loss resolution or pre-suit process) as of the inception date of the policy.

  **c.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

22.    The Policies define "bodily injury" as bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

23.     To the extent the Underlying Actions seek damages for injuries that did not occur during the relevant policy periods, there is no coverage under the Policies for such damages. The Underlying Actions do not allege any "bodily injury" prior to September 2005. Therefore, the First Policy does not apply to any of the Underlying Actions. The Second Policy was cancelled on December 9, 2005. Therefore, any damages that did not occur prior to the cancellation of that policy would not be covered.

24.     To the extent the Underlying Actions seek damages for injuries that are not "bodily injury" caused by an "occurrence", there is no coverage under the Policies for such damages.

25.     The Policies contain a Total Pollution Exclusion Endorsement. That Endorsement provides as follows:

> This insurance does not apply to:
>
> **f.**  Pollution
>
> **(1)**  "Bodily Injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.
>
> **(2)**  Any loss, cost or expense arising out of any:
>
> > **(a)**  Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or
> >
> > **(b)**  Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

26.     The Policies define a "pollutant" as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste."

27.     The claims in the Underlying Actions are based upon the alleged exposure of the plaintiffs to formaldehyde, a pollutant.  Accordingly, there is no coverage afforded by the Policies for the claims in the Underlying Actions.

28.     The Policies also contain a Punitive Damages exclusion, which provides as follows:

> This insurance does not apply to any claim of or indemnification for punitive or exemplary damages. If a "suit" seeking both compensatory and punitive or exemplary damages has been brought against you for a claim covered by this policy, we will provide defense for such action. We will not have any obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.

29.     Accordingly, Burlington would have no obligation to indemnify any party in connection with a punitive damages award.

30.     The Policies also affords no coverage for any claims for recovery in excess of the applicable policy limits.

## IV.
## DECLARATORY RELIEF – NO DUTY TO DEFEND OR INDEMNIFY

31.     Burlington incorporates by reference the allegations stated above.

32.     Burlington seeks a declaratory judgment by this Court that the Policies do not create a duty to defend or indemnify any party to this case for any settlement of or judgment in the Underlying Actions.

33.     There is no coverage under the Policies because the alleged injuries are the result of the alleged "discharge, dispersal, seepage, migration, release or escape" of a

pollutant and such damages are excluded from coverage by the Total Pollution Exclusion. Coverage is also negated to the extent the injuries are alleged to have occurred outside the relevant policy periods. Accordingly, Burlington does not owe a duty of defense or indemnity to any party with respect to the Underlying Actions.

34.    In addition, the Policies expressly provide that Burlington will have no duty of indemnity with respect to any award of punitive damages. Therefore, Burlington does not owe a duty to indemnify any defendant in connection with any award of punitive damages in the Underlying Actions.

## V.
## JURY DEMAND

Burlington hereby requests that this civil action be tried by a jury.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, plaintiff The Burlington Insurance Company respectfully requests judgment against defendants as follows:

(a)    A declaration that the Policies do not apply to the Underlying Actions, such that Burlington has no duty to defend or indemnify defendants in connection therewith;

(b)    Reasonable attorneys' fees incurred in pursuing this action;

(c)    Costs of court, and prejudgment and post-judgment interest as allowed by law; and

(d)    Such other and further relief as to which Burlington may show itself justly entitled.

9

Respectfully submitted,

THE BURLINGTON INSURANCE COMPANY

By: _____

    Charles E. Winfield
    Miss. Bar No. 10588
    Joy W. Graves
    Miss. Bar No. 10302
    PERRY, WINFIELD & WOLFE, P.A.
    224 E. Main Street
    P.O. Box 80281
    Starkville, MS  39759
    662.323.3984 – Telephone
    662.323.3920 – Facsimile